[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2009
THOMAS K. KAHN
CLERK

No. 08-11315
Non-Argument Calendar
_____

D. C. Docket No. 04-03648-CV-TWT-1

JARVIS LEE HARDWICK,

                                                        Petitioner-Appellant,

versus

STEPHEN BENTON,

                                                        Respondent,

HILTON HALL,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 11, 2009)

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jarvis Lee Hardwick, a Georgia prisoner proceeding with counsel, appeals the district court's denial of his habeas petition, 28 U.S.C. § 2254. No reversible error has been shown; we affirm.

Petitioner was convicted of armed robbery, false imprisonment, and possession of a weapon during the commission of a crime on 29 February 2000. Petitioner's convictions and sentence were affirmed on appeal. Petitioner filed a state habeas petition challenging his convictions and sentence and was denied relief after an evidentiary hearing. The Georgia Supreme Court denied Petitioner a certificate of probable cause to appeal the denial of state habeas relief.

On 14 December 2004, Petitioner filed this federal habeas corpus petition. Petitioner argued that his defense counsel rendered constitutionally deficient assistance at trial and on appeal. Petitioner claimed counsel was ineffective because she failed (1) to move for a mistrial after the judge expressed his opinion on the evidence; (2) to cross-examine the victim about his drug dealing and to introduce evidence that victim's drug involvement motivated him to lie; (3) to argue on appeal that the trial judge abused his discretion by limiting cross-examination of the victim about the victim's drug activity; and (4) cumulatively to

2

preserve issues and provide effective counsel at both the trial and appellate stages. The district court denied Petitioner's claims and dismissed his petition: Petitioner failed to show that the state habeas court's decision was contrary to, or involved an unreasonable application of, Supreme Court precedent. We agree.

Our review of a final state habeas judgment is highly deferential to the state court under section 2254. Section 2254 provides expressly that "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.S. § 2254(e)(1). Unless a state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 22 U.S.C. § 2254(d), a federal court may grant no relief. See Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007).[1]

The Georgia court looked correctly to Strickland v. Washington, 104 S.Ct.

---

[1]We reject Petitioner's claim that the deference due the Georgia habeas decision is undermined by the Georgia Supreme Court's decision in Edwards v. Lewis, 658 S.E.2d 116 (Ga. 2008). In Edwards the petitioner was allowed no meaningful opportunity to respond to the state's allegations contained in an order drafted by the state and issued by the habeas court. Edwards does not speak to the deference required by federal statute, see 22 U.S.C. § 2254(d) and factually is too different. The order at issue here was prepared by the Attorney General's office after an evidentiary hearing and after the state habeas judge orally denied relief.

2052 (1984), to test Petitioner's ineffective assistance of counsel claim. Under the two-part Strickland test, the habeas petitioner must show (1) objectively unreasonable performance: "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," Strickland, 104 S.Ct. at 2064; and (2) actual prejudice: "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. As we have said, the test for reasonable assistance of counsel "has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer" could have acted, in the circumstances, as Petitioner's counsel acted. See White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

Both parts of the Strickland test must be established for the petitioner to carry his burden on an ineffective assistance of counsel claim. Strickland, 104 S.Ct. 2064. The Georgia court concluded that Petitioner failed to overcome the presumption of effective performance accorded to counsel,[2] see Strickland, 104 S.Ct. at 2066 ("counsel is strongly presumed to have rendered adequate assistance

_____

[2]Petitioner's counsel was experienced; she had over twenty years of practice experience at the time of her appointment to Petitioner's case, including experience as a juvenile court prosecutor. "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000).

4

and made all significant decisions in the exercise of reasonable professional judgment"); and failed also to show the requisite prejudice. To prevail on his ineffective assistance claim, Petitioner must establish that the state court decision was objectively unreasonable. See Bell v. Cone, 122 S.Ct. 1843, 1852 (2002).

We cannot say the Georgia court decision on trial counsel's performance was objectively unreasonable. The Georgia court concluded that valid reasons supported trial counsel's acts.[3] Based on our review of the record, Petitioner has shown neither that the state habeas court's decision contravened Strickland nor that it was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

About Petitioner's ineffective assistance of counsel claim based on appellate counsel's failure to raise properly on appeal Petitioner's claim that the trial court abused its discretion by limiting cross-examination of the victim, the Georgia court stated that Petitioner failed to overcome the presumption of reasonable professional assistance. See Strickland, 104 S.Ct. at 2065. That counsel failed to raise properly a claim on appeal can serve -- if at all -- as a predicate for a

---

[3]About counsel's failure to move for a mistrial when the judge commented on the evidence, the Georgia court noted that counsel decided that the demeanor of the witness -- visibly high on drugs -- worked much to the defense's advantage; Petitioner and his counsel wanted the jury which had witnessed this behavior -- which was consistent with the defense's position on the victim's involvement with drugs -- to be the jury that decided the charges against Petitioner.

5

constitutionally deficient counsel charge only if the forfeited claim was meritorious. As explained in the federal magistrate judge's report and recommendation, additional cross-examination would have been cumulative; the limitation constituted no abuse of discretion[4] and supports no ineffective assistance of counsel claim.

AFFIRMED.[5]

---

[4]Also without merit is Petitioner's claim that counsel's failure to argue on appeal her own trial court ineffectiveness constituted ineffective assistance of appellate counsel. Although the Georgia court mistakenly said that counsel believed she could not raise an ineffective assistance claim against herself -- she testified to the contrary -- Petitioner proffered no evidence at the evidentiary hearing before the Georgia habeas court that a failure to raise an ineffective assistance of counsel claim against oneself is unreasonable "under prevailing professional norms." See Strickland, 104 S.Ct. 2064-65. In any event, because Petitioner fails to show his counsel was ineffective at trial, he can make no showing that her failure to raise an ineffective assistance claim on appeal worked to his prejudice.

[5]Petitioner's cumulative-error claim based on counsel's failure to preserve issues and to provide adequate counsel is without merit. See United States v. Waldon, 363 F.3d 1103, 1110 (11th Cir. 2004) (where there is no error or only a single error, there can be no cumulative error).